## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

CASE NO.:

**JEFFREY L. LUCKETT,**

Plaintiff,

v.

**VINIK SPORTS GROUP, LLC,**

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## AND INJUNCTIVE RELIEF

Plaintiff, **JEFFREY L. LUCKETT**, by and through his undersigned counsel,
sues Defendant, **VINIK SPORTS GROUP, LLC**, and alleges as follows:

### I. NATURE OF THE ACTION

1.      This is an action for declaratory, injunctive, and monetary relief to
redress the deprivation of rights secured to Plaintiff under **Title VII of**

**the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); the **Civil Rights Act of 1866**, 42 U.S.C. § 1981 ("Section 1981"); and the **Florida Civil Rights Act of 1992**, § 760.01, et seq., Florida Statutes ("FCRA").

2.    Plaintiff alleges that he was subjected to discrimination, a hostile work environment, and retaliation based on his race (Black/African American) during his employment with Defendant.

## II. JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights).

4.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

5.    Venue is proper in the **Tampa Division of the Middle District of Florida** pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04(a), as the unlawful employment practices alleged herein occurred in Hillsborough County, Florida.

## III. PARTIES

6.     Plaintiff, **JEFFREY L. LUCKETT**, is a Black/African American male and a resident of Pasco County, Florida. At all times material hereto, Plaintiff was an employee of Defendant.

7.     Defendant, **VINIK SPORTS GROUP, LLC**, is a Florida limited liability company with its principal place of business located at 401 Channelside Drive, Tampa, Florida 33610. Defendant is an "employer" within the meaning of Title VII, Section 1981, and the FCRA.

## IV. ADMINISTRATIVE PREREQUISITES

8.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), Charge No. 511-2026-00155, alleging discrimination and retaliation based on race. Although the Charge named "Benchmark International" (the arena naming rights sponsor) as the Respondent, the Charge was served at Defendant Vinik Sports Group's shared business address (401 Channelside Drive) and identified Defendant's specific management personnel. As such, Defendant had notice of the Charge and shares an identity of interest with the named party. Plaintiff timely filed a Charge of Discrimination

with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), Charge No. 511-2026-00155, alleging discrimination and retaliation based on race.

9.   Plaintiff has satisfied (or will satisfy upon receipt of the Notice of Right to Sue) all administrative prerequisites prior to the filing of this action.

## V. FACTUAL ALLEGATIONS

10.   Plaintiff began his employment with Defendant in approximately August 2015. He works in Guest Services and has performed his duties satisfactorily for over ten years.

11.   Throughout his employment, Plaintiff has been subjected to a pattern of disparate treatment and hostility by management that is not directed at non-Black employees.

12.   Specifically, Manager Irwin Heichen ("Heichen") has engaged in a pattern of harassing conduct toward Plaintiff. On at least one occasion, Heichen ordered Plaintiff to remove his military hat, despite other employees being authorized to wear such hats and Plaintiff's status as a veteran.

13.   Plaintiff was also subjected to disparate treatment regarding employment benefits. In or around January 2019 and continuing thereafter, Manager Justin Bechtold and HR personnel failed to timely

submit Plaintiff's lost wage verification paperwork following a motor vehicle accident. This refusal to process standard paperwork—after weeks of multiple requests—caused Plaintiff significant financial hardship and anxiety, a burden not placed on similarly situated non-Black employees.

14.     The discrimination culminated in a severe incident on **June 10, 2025**. Plaintiff was stationed at his usual ticket scanning machine, a post he has held for ten years.

15.     A white co-worker, identified as "Jennifer," refused to show common courtesy and move to an adjacent machine when requested. Another co-worker, Ruth, attempted to de-escalate the situation by offering her own machine to Jennifer, but Jennifer refused to move. Instead, she began loudly arguing, yelling, and cursing at Plaintiff, using the "F-word" in the presence of guests and staff.

16.     When Plaintiff attempted to de-escalate by walking away to inform Manager Heichen, he returned to find Jennifer waiting for him. She pointed her finger in Plaintiff's face and continued to curse at him in a physically threatening manner.

17.     Following this incident, Plaintiff reported the harassment to multiple members of management, including Heichen, Manager Justin Bechtold ("Bechtold"), and Manager Keisha Ussery ("Ussery").

18.    Defendant failed to take prompt or effective remedial action. Instead of addressing the racially hostile environment, Manager Bechtold told Plaintiff he was going to "play devil's advocate" and asked if Plaintiff "could have moved over to the other machine," effectively blaming the victim for the abuse he endured.

19.    Despite Defendant's Employee Handbook mandating that complainants be notified of investigation results, Plaintiff was kept in the dark for months.

20.    Plaintiff later learned that witnesses were instructed by Human Resources (specifically Erica Gonzalez) and management to conceal the investigation from Plaintiff. A witness, "Roberta," informed Plaintiff that HR told her "not to let me know about their interview."

21.    Following Plaintiff's complaints to HR, he was subjected to retaliation. On or about October 10, 2025, Manager Heichen was observed mocking and making light of Plaintiff's serious complaint with a subordinate, "Gwen."

22.    Defendant further engaged in pretext to avoid addressing the harassment. On or about September 21, 2025, Plaintiff approached Manager Christen Robinson regarding the status of his complaints. Manager Robinson falsely claimed that she believed Plaintiff "no longer

wanted to pursue" the complaint, a statement Plaintiff never made. This was a pretextual excuse to avoid investigating the harassment.

23. Following Plaintiff's complaints, he was subjected to targeted surveillance. On or about October 31, 2025, Plaintiff learned that Manager Heichen had instructed a co-worker, Roberta, to "report on" Plaintiff whenever he greeted other employees. This instruction to spy on Plaintiff constitutes retaliation and targeted harassment. Furthermore, a security officer witness, "Mercy," confirmed to Plaintiff on September 1, 2025, that Manager Heichen "got mad because [Plaintiff] went to HR" regarding the abuse.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII
### (Hostile Work Environment & Disparate Treatment)

24. Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff is a member of a protected class (Black).

26. Plaintiff was subjected to unwelcome harassment and disparate treatment, including but not limited to the verbal assault by a white co-worker and the subsequent dismissal and mockery of his complaints by management.

27. The harassment was based on Plaintiff's race; similarly situated white employees were not treated with such hostility, nor were they blamed for being victims of verbal abuse.

28. The conduct was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

29. Defendant knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII

30. Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

31. Plaintiff engaged in protected activity by filing internal complaints regarding racial discrimination and harassment to Management and Human Resources, and by filing a Charge of Discrimination with the EEOC.

32. Subsequent to this protected activity, Plaintiff suffered adverse employment actions, including the deliberate stalling of investigations, isolation, mocking by supervisors, and the creation of a hostile environment.

33. A causal connection exists between Plaintiff's protected activity and the adverse actions, as evidenced by Manager Heichen's express anger regarding Plaintiff's report to HR.

## COUNT III

## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

34. Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

35. Section 1981 prohibits discrimination on the basis of race in the making and enforcing of contracts, including employment contracts.

36. Defendant's conduct, as described above, was intentional and motivated by racial animus.

37. Defendant has deprived Plaintiff of the same right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

## COUNT IV

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

38. Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

39.    Section 1981 encompasses a cause of action for retaliation against a person who has complained about a violation of another person's contract-related rights.

40.    Defendant retaliated against Plaintiff for his opposition to the racially discriminatory conduct and hostile work environment described herein.

## COUNT V

## RACE DISCRIMINATION IN VIOLATION OF THE FCRA

41.    Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

42.    The FCRA, Chapter 760, Florida Statutes, makes it an unlawful employment practice for an employer to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race.

43.    The actions of Defendant as set forth above constitute unlawful race discrimination under the FCRA.

## COUNT VI

## RETALIATION IN VIOLATION OF THE FCRA

44.    Plaintiff re-alleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

45. The FCRA prohibits retaliation against any person because that person has opposed any practice which is an unlawful employment practice.

46. Defendant's retaliatory conduct, including the hostility from management after Plaintiff reported the discrimination, violates the FCRA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, **JEFFREY L. LUCKETT**, respectfully requests that this Court enter Judgment in his favor and against Defendant, **VINIK SPORTS GROUP, LLC**, and grant the following relief:

A. A declaratory judgment that the actions of Defendant violated Title VII, Section 1981, and the FCRA;

B. **Injunctive Relief** enjoining Defendant from engaging in further unlawful discrimination and retaliation, and requiring Defendant to institute and enforce policies that prevent such conduct;

C. Award Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

D. Award Plaintiff punitive damages to punish Defendant for its malicious and reckless conduct;

E.    Award Plaintiff his reasonable attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and § 760.11, Fla. Stat.;

F.    Award pre-judgment and post-judgment interest; and

G.    Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 23, 2026.

Respectfully submitted,

/s/ Jay Romano

**JAY F. ROMANO, ESQ.**

Florida Bar No. 0934097

Discrimination Law Center, P.A.

433 Plaza Real, Suite 275

Boca Raton, Florida 33432

Telephone: (561) 271-1769

Email: jromanopa@yahoo.com

*Attorney for Plaintiff*